Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VUR JER, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA REGLAMENTADORA DE CANNABIS MEDICINAL<br><br>Recurrida | KLRA202400414 | *Revisión* procedente de la Junta Reglamentadora de Cannabis Medicinal<br><br>Caso Núm.: JRCM-2022-031<br><br>Sobre: Renovación de Licencia CM-2018-088 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 20 de agosto de 2024.

Comparece Vur Jer, LLC (en adelante Ver Jur y/o parte recurrente), mediante un *Recurso de Revisión Judicial* para solicitarnos la revisión de la *Resolución* emitida y notificada, el 20 de mayo de 2024, por el Secretario de Salud.[1] Mediante la *Resolución* recurrida se declaró *No Ha Lugar* una solicitud de inhibición presentada por la parte recurrente en contra de la Oficial Examinadora, Ramagui Rivera De Jesús (en adelante, Lcda. Rivera De Jesús). Sobre la referida determinación, el 10 de junio de 2024, la parte recurrente solicitó reconsideración, la cual, al presente, no ha sido acogida por la Junta Reglamentadora del Cannabis Medicinal (en adelante, Junta y/o agencia recurrida).

Por otra parte, Ver Jer nos solicita que revisemos una determinación realizada en corte abierta por la antedicha Oficial Examinadora en la *Vista* celebrada el 29 de noviembre 2023.[2] En la aludida vista, alegadamente, se estableció que no se justificaba traer

---

[1] Apéndice del recurso, a las págs. 78-79.
[2] *Íd.,* a las págs. 1-2.

Número Identificador

SEN2024_____

a la Licenciada Arlene M. Questell Aguirre, Directora Ejecutiva de la Junta (en adelante, Lcda. Questell Aguirre), a testificar, puesto que resultaba oneroso.

Por los fundamentos que expondremos, se *desestima* el recurso de epígrafe por falta de jurisdicción.

I

Surge del recurso, que la acción del título inició cuando la parte recurrente presentó una solicitud de revisión administrativa ante la agencia recurrida, en la cual peticionó la revisión de una *Resolución* emitida el 30 de septiembre de 2022.[3] Estando la referida revisión ante la consideración de la Junta, y según surge de la *Moción en solicitud de determinación final*, incoada por la parte recurrente el 30 de noviembre de 2023, en una *Vista* celebrada el 29 de noviembre de 2023, la agencia recurrida, presuntamente determinó, en corte abierta, que no se justificaba traer el testimonio de la Lcda. Questell Aguirre, dado a que resultaba oneroso.[4] A esos efectos, en la vista, la parte recurrente solicitó la reconsideración de la antedicha determinación.[5] Conforme se desprende, evaluado el petitorio en corte abierta, se declaró sin lugar.[6]

Al día siguiente de celebrarse la aludida vista, ocurrieron dos (2) eventos procesales. Uno de ellos fue que la parte recurrente presentó la *Moción en solicitud de determinación final*, mediante la cual solicitó que se emitiera por escrito la decisión sobre el testimonio de la Lcda. Questell Aguirre.[7] El otro evento procesal fue que la parte recurrente presentó una *Moción de inhibición y otros extremos* en contra de la Lcda. Rivera De Jesús, Oficial Examinadora.[8] En el escrito, entre otras cosas, sostuvo que las

---

[3] Apéndice del recurso, a las págs. 39-50. Véase, además, Recurso de revisión judicial, a las págs. 6-7
[4] Apéndice del recurso, a la pág. 1.
[5] *Íd.*
[6] *Íd.,* a la pág. 2.
[7] *Íd.,* a las págs. 1-2.
[8] *Íd.,* a la pág. 105.

cuestiones relacionadas a la admisibilidad de un testimonio no estaban entre las facultades delegadas expresamente al Oficial Examinador. De manera que, este asunto, debía ser atendido de manera interlocutoria por la Junta.[9] Por otra parte, expresó que las determinaciones realizadas por la Lcda. Rivera de Jesús, referentes a la prueba y los testigos, estaban plagadas de conflicto de interés, dado a que la Oficial Examinadora en cuestión tenía interés propio de no producir el testimonio de una de sus principales oficiales.[10]

Luego, el 5 de diciembre de 2023, ante la negativa de la agencia recurrida de reducir a escrito la determinación sobre el testimonio de la Lcda. Questell Aguirre, la parte recurrente compareció ante este Tribunal de Apelaciones, mediante un recurso de revisión judicial, el cual acompañó con una *Moción en auxilio de jurisdicción.*[11] Ese mismo día, esta Curia declaró *No Ha Lugar* el auxilio de jurisdicción, y desestimó el recurso por falta de jurisdicción por prematuro. Ello, puesto que la determinación objeto de revisión no constaba notificada por escrito con sus debidas advertencias.

De ahí, el 8 de diciembre de 202[3],[12] la parte recurrente instó ante la agencia recurrida una *Moción sobre corrección de notificación de resolución.*[13] En la misma, adujo que, a la fecha, la Junta, aún no había notificado por escrito el dictamen concerniente a la admisibilidad del testimonio de la Lcda. Questell Aguirre. A esos efectos, suplicó a la agencia recurrida que, conforme a lo resuelto por el Tribunal de Apelaciones, notificara el aludido dictamen por escrito e incluyera en su resolución las advertencias requeridas en

---

[9] Apéndice del recurso, a las págs. 101-102.
[10] *Íd.,* a la pág. 102.
[11] Véase el alfanumérico KLRA202300620.
[12] Según se desprende del escrito presentado, el mismo fue suscrito el 8 de diciembre de 2024, lo que entendemos se trató de un error tipográfico, puesto a que esa fecha es una futura. Además, el escrito fue resuelto mediante *Notificación* del 16 de enero de 2024.
[13] Apéndice del recurso, a las págs. 74-76.

cuanto a los términos disponibles para solicitar reconsideración y acudir en revisión judicial.[14] En reacción, la agencia recurrida dispuso que no había nada que proveer.[15]

Así las cosas, el 11 de diciembre de 2023, Lcda. Rivera De Jesús suscribió un informe en el cual aseveró que no procedía su inhibición, principalmente, dado que la moción presentada por la parte recurrente no cumplía con los requisitos de forma y los planteamientos esgrimidos en la misma no se sostenían por el derecho aplicable.[16]

Examinado el informe, la Junta acogió la recomendación de Lcda. Rivera De Jesús, y mediante *Resolución Final*, notificada el 18 de diciembre de 2023, declaró *No Ha Lugar* la solicitud de inhibición presentada por la parte recurrente.[17] Cabe resaltar que quien firmó la referida *Resolución* fue la Lcda. Questell Aguirre, cuyo testimonio se encuentra en controversia.[18]

Inconforme, el 17 de enero de 2024, la parte recurrente acudió por segunda ocasión ante este Tribunal de Apelaciones. Mediante *Sentencia*, emitida el 9 de febrero de 2024, razonamos que procedía atender la determinación en cuanto a la inhibición a manera de excepción, a pesar de ser una cuestión interlocutoria, puesto que esperar a la resolución final de la agencia constituiría un fracaso de la justicia.[19] Así, pues, revocamos el antedicho dictamen, luego de concluir que, contrario a lo actuado, la solicitud de inhibición contra la Lcda. Rivera De Jesús debió haber sido atendida por otro Oficial Examinador designado por el secretario de Salud. De manera que la Lcda. Rivera De Jesús debía abstenerse de continuar actuando en

---

[14] Apéndice del recurso, a la pág. 75.
[15] *Íd.,* a la pág. 77.
[16] Apéndice del recurso, a las págs. 99-105.
[17] *Íd.,* a las págs. 105-106.
[18] *Íd.,* a la pág. 106.
[19] Véase el alfanumérico KLRA202400022.

su capacidad como Oficial Examinadora, remitiendo los autos del caso al Secretario de Salud para su correspondiente proceder.

En atención a lo resuelto por esta Curia, la agencia recurrida refirió la solicitud de inhibición al Secretario de Salud. Así, pues, se encargó a la Oficial Administradora Rosa B. Hernández Pagán (Lcda. Hernández Pagán) de suscribir un *Informe de Oficial Examinadora* a los fines de emitir una recomendación en cuanto a la procedencia de la referida solicitud.[20] Según surge del recurso, el *Informe de Oficial Examinadora* se presentó el 15 de mayo de 2024.[21] Mediante el mismo, se recomendó declarar sin lugar la inhibición de la Lcda. Rivera De Jesús.

El Secretario de Salud acogió la antedicha recomendación, y mediante *Resolución,* emitida el 20 de mayo de 2024, declaro *No Ha Lugar* la inhibición de la aludida Oficial Administradora.[22] En desacuerdo con la determinación tomada, el 10 de junio de 2024, la parte recurrente instó una *Moción de Reconsideración*, la cual, según consta del recurso ante nuestra consideración, no fue acogida por la Junta.[23]

En vista de lo anterior, compareció la parte recurrente por tercera ocasión ante esta Curia, mediante un recurso de revisión judicial, en el cual alzó los siguientes dos (2) señalamientos de error:

> PRIMERO: ERRÓ LA JUNTA REGLAMENTADORA DEL CANNABIS MEDICINAL AL DEJAR SIN EFECTO LA LEY DEL CASO DECRETADA EN ABRIL DE 2023 Y ALTERAR DE MANERA *ULTRA VIRES* Y SIN FUNDAMENTO RACIONAL SU DECISIÓN PREVIA DE PERMITIR EL TESTIMONIO DE LA LCDA. QUESTELL AGUIRRE, PRINCIPAL TESTIGO DE LA PARTE RECURRENTE-PROMOVENTE, LIMITADO A LO QUE NO SE ESTIPULASE ENTRE LA PROMOVENTE Y LA PROMOVIDA.

> SEGUNDO: ERRÓ LA JUNTA REGLAMENTADORA DEL CANNABIS MEDICINAL AL NEGARSE A PROVEER CON LUGAR LA INHIBICIÓN DE LA OFICIAL ADMINISTRADORA.

---

[20] Apéndice del recurso, a la pág. 80.
[21] *Íd.,* a las págs. 80-89.
[22] *Íd.,* a las págs. 78-79.
[23] *Íd.,* a las págs. 90-98.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[24] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Tras esbozar las instancias procesales pertinentes, procedemos a resolver.

II

## A. Falta de Jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[25] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[26] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[27] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[28] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[29] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[30] De lo contrario, cualquier

---

[24] 4 LPRA Ap. XXII-B, R.7 (B)(5).

[25] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA*, 199 DPR 638, 651-52 (2018).

[26] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[27] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

[28] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[29] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).

[30] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

dictamen en los méritos será nulo y no se podrá ejecutarse.[31] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por lo tanto, inexistente.[32]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas.[33] Además, persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[34] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[35]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[36] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[37]

---

[31] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[32] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[33] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[34] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).

[35] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

[36] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).

[37] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, 365.

Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[38]

## B. Limitaciones a la revisión judicial

El Tribunal Supremo de Puerto Rico ha sostenido que, el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[39] Para cumplir con ese principio, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones de las agencias administrativas.[40] Ahora bien, la aludida competencia está limitada a órdenes y resoluciones finales.[41] Esta limitación se consagra en la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG). La referida sección dispone que:

> [u]na parte adversamente afectada por **una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia [...].[42]

El Tribunal Supremo de Puerto Rico ha definido las órdenes y resoluciones finales como aquellas que: (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii) resuelven todas las controversias ante la agencia. Es decir, son decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[43] Por su parte, la

---

[38] *Torres Alvarado v. Madera Atiles,* supra, 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, 366.
[39] *Asoc. Condómines v. Meadows Dev.,* 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[40] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[41] *Íd.* Véase, además, Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B, R. 56.
[42] Ley Núm. 38-2017, 3 LPRA sec. 9672.
[43] *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006).

Sección 3.14 de la LPAU exige, entre otras cosas, que las órdenes y resoluciones finales: (i) se emitan por escrito; (ii) incluyan y expongan separadamente las determinaciones de hecho y conclusiones de derecho que fundamentan la adjudicación; (iii) estén firmadas por el jefe de la agencia o cualquier otro funcionario autorizado por ley; (iii) adviertan el derecho de solicitar reconsideración ante la agencia o de instar un recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, y que (iv) indiquen las partes que deberán ser notificadas del recurso de revisión, así como los términos correspondientes.[44] Igualmente, la aludida sección establece que una parte no podrá ser requerida a cumplir con una orden final, si esta no ha sido notificada de la determinación .[45] En vista de lo anterior, será necesario que la agencia notifique la orden o resolución final con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, a la brevedad posible, y archivar en autos copia de esta y de la constancia de la notificación.[46] De lo contrario, no se le podrán oponer los términos jurisdiccionales a la parte que no ha sido notificada de la determinación conforme a derecho.[47] A esos efectos, cualquier recurso que se presente para impugnar los méritos de la decisión sería prematuro.[48]

En mérito de lo anterior, es evidente que una orden o resolución interlocutoria de una agencia no es revisable directamente, únicamente podrá ser objeto de un señalamiento de error en el recurso de revisión que se presente sobre la determinación final de la agencia.[49] Ahora bien, la sección 4.3 de la

---

[44] Ley Núm. 38-2017, *supra,* 3 LPRA sec. 9654.
[45] Sección 3.14 de la Ley Núm. 38-2017, *supra.*
[46] *Íd.*
[47] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008).
[48] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019).
[49] *Comisionado Seguros v. Universal,* supra, 29.

LPAUG dispone que el Tribunal puede relevar a una persona de agotar los remedios administrativos cuando:

> . . . dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa. [50]

Así, pues, los tribunales se reservan la facultad de intervenir en momentos en que sea necesario para evitar un daño irreparable.[51] No obstante lo anterior, quien recurre al foro judicial, alegando que debe prescindirse del requisito de agotamiento de remedios administrativos, debe señalar hechos específicos y bien definidos que así lo justifiquen.[52]

### III

Sabido es que como cuestión de umbral los tribunales venimos llamados a auscultar nuestra propia jurisdicción. Ello, para que evitar que emitamos decisiones en casos en los cuales realmente no existe una controversia o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[53] Así, pues, según esbozamos, las cuestiones relativas a la jurisdicción deben ser resueltas con preferencia, dado a que inciden directamente sobre el poder que tiene este Tribunal para entrar en los méritos de una controversia.[54] Luego de evaluar detenidamente el recurso de epígrafe, colegimos en que no tenemos jurisdicción sobre el mismo. Veamos.

En el *primer* señalamiento de error, la recurrente solicita que revisemos una determinación alegadamente realizada en corte

---

[50] Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9673.
[51] *Guadalupe v. Saldaña, Pres. U.P.R.*, 133 DPR 42, 49-50 (1993).
[52] *Guadalupe v. Saldaña, Pres. U.P.R.,* supra*, 50; Rivera v. ELA,* 121 DPR 582, 596 (1988).
[53] *Moreno v. Pres. U.P.R. I*, supra, 973.
[54] *Torres Alvarado v. Madera Atiles,* supra, 500; *Fuentes Bonilla v. ELA et al.*, 200 supra, 372.

abierta por la Lcda. Rivera de Jesús en una *Vista* celebrada el 29 de noviembre 2023, mediante la cual, presuntamente, dispuso que no se justificaba traer a la Lcda. Questell Aguirre a testificar, dado a que resultaba oneroso.

Como conocen las partes, esta controversia no le es extraña a este Panel. Este es el **tercer** recurso apelativo que se ha presentado ante esta Curia, y, en ambos, se plasmaron asuntos relacionados a la alegada orden emitida verbalmente en una vista ante la Lcda. Rivera De Jesús, Oficial Examinadora. Las partes deben recordar que, el alfanumérico KLRA202300620, fue desestimado por falta de jurisdicción puesto que la Junta no había resuelto por escrito la controversia que nuevamente se trae ante nos. Además, posteriormente, en el alfanumérico KLRA202400022, en lo que a este asunto respecta, dispusimos que no contábamos jurisdicción para atender el recurso, puesto que la alegada determinación verbal, no se incluyó como parte de las determinaciones que surgían del dictamen recurrido. Empero, y según detallaremos más adelante, de manera excepcional, intervinimos en la determinación mediante la cual se denegó la recusación de la Lcda. Rivera De Jesús, Oficial Examinadora, revocando la determinación dado a que dicha solicitud debía ser atendida por otro Oficial Examinador y esta debía abstenerse de continuar actuando en su capacidad como Oficial Examinadora.

Conforme reseñamos en nuestra previa exposición doctrinal y en el alfanumérico KLRA202300620, esta Curia únicamente tiene competencia para atender **decisiones, órdenes y resoluciones finales de las agencias administrativas**. Para que una orden o resolución se considere final debe: (i) constar por escrito; (ii) incluir determinaciones de hecho y conclusiones de derecho; (iii) estar firmadas por el jefe de la agencia o cualquier otro funcionario autorizado por ley; (iii) advertir el derecho y los términos para

solicitar reconsideración o instar un recurso de revisión judicial ante este Tribunal, e (iv) indicar las partes que deberán ser notificadas del recurso de revisión.[55] A su vez, la agencia deberá notificar la orden o resolución con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos.[56]

Al presente, aun no existe un dictamen escrito sobre lo presuntamente resuelto en corte abierta en cuanto al testimonio de la Lcda. Questell Aguirre. Sin embargo, por los fundamentos que expondremos más adelante, luego de evaluar la totalidad del expediente ante nos, así como la realidad procesal del caso, la cual discutiremos a continuación, consideremos que la controversia aún es prematura.

Con lo anterior en mente, vemos que, en su *segundo* señalamiento de error, la recurrente de autos nos ha convidado a intervenir en la determinación emitida por el Secretario de Salud, en la cual denegó recusar a la Lcda. Rivera De Jesús como Oficial Examinadora en el caso del título. No nos convence.

El Secretario de Salud se ocupó de emitir la anterior determinación luego de que, mediante *Sentencia* emitida en el alfanumérico KLRA202400022, dispusimos que la solicitud de inhibición contra la antedicha Oficial Administradora debió haber sido atendida por otro Oficial Examinador designado por el Secretario de Salud. A tenor, este encomendó a la Lcda. Hernández Pagán a suscribir un *Informe de Oficial Examinadora* a los fines de emitir una recomendación en cuanto a la procedencia de la referida solicitud. Según fue recomendado en el *Informe de Oficial Examinadora*, el cual se presentó el 15 de mayo de 2024, el Secretario de Salud, emitió la *Resolución* que nos ocupa, y declaró

---

[55] Sección 3.14 de la Ley Núm. 38-2017, *supra.*
[56] *Íd.*

*No Ha Lugar* la solicitud de inhibición presentada por la parte aquí recurrente.

Según apuntalamos, esta Curia tiene competencia sobre las **órdenes y resoluciones finales** emitidas por las agencias administrativas. A saber, decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[57] Esta Curia no tiene facultad para atender órdenes o resoluciones interlocutorias.

En el recurso del título, la *Resolución* recurrida, mediante la cual el Secretario de Salud, dispuso que no procedía la recusación de la Lcda. Rivera De Jesús, es un asunto interlocutorio sobre el cual no tenemos autoridad de intervenir. Ahora bien, a manera de excepción, pudiéramos obviar esta norma de autolimitación judicial, si entendiéramos que nuestra intervención evitaría un daño irreparable, como ocurrió en el alfanumérico KLRA202400022.[58] Sin embargo, tras evaluar minuciosamente el recurso presentado, colegimos que no existen los elementos requeridos para que podamos obviar la doctrina de agotamiento de remedios administrativos, y atender el dictamen interlocutorio recurrido, *ergo*, resolvemos desestimar el mismo.

Regresando al *primer* señalamiento de error, cabe resaltar que, en el momento en que la parte recurrente le solicitó a la agencia recurrida que emitiera por escrito su determinación en cuanto al testimonio de Lcda. Questell Aguirre, aun se encontraba y se encuentra latente la procedencia de la recusación de la Lcda. Rivera De Jesús, Oficial Examinadora, por lo que era su deber abstenerse de actuar.

Sin embargo, conforme a la discusión que precede, el Secretario de Salud, a tenor con lo dispuesto por esta Curia en el

---

[57] *Comisionado Seguros v. Universal*, supra, 29.
[58] *Guadalupe v. Saldaña, Pres. U.P.R.*, supra, 49-50.

alfanumérico KLRA202400022, atendió la solicitud de inhibición y la declaró sin lugar. Sobre dicho particular, versa el *segundo* señalamiento de error, sobre el cual ya hemos abundado. Así, pues, una vez advenga final y firme mediante el correspondiente mandato nuestra determinación en cuanto al presente recurso, en el cual insistimos, igualmente trajo a nuestra atención el asunto de la recusación, no habrá impedimento para que la Oficial Examinadora en cuestión atienda los escritos y mociones que se encuentran ante su consideración. Es por todo lo anterior que colegimos que, en este momento, sería prematura nuestra intervención en cuanto al *primer* error esgrimido.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de revisión instado en lo que respecta al dictamen verbal emitido en la *Vista*, del 29 de noviembre de 2023, por falta de jurisdicción por prematuro. Igualmente, se desestima el presente recurso en cuanto a la *Resolución* recurrida sobre la recusación de la Lcda. Rivera De Jesús, por falta de jurisdicción, puesto que no se encuentran presentes elementos que nos permitan excepcionalmente prescindir de la doctrina de agotamiento de remedios administrativos. En consecuencia, se devuelve el caso a la agencia recurrida para la continuación de los procedimientos una vez se notifique el correspondiente Mandato.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones